# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **EZRA C. MARTIN,** )<br>)<br>Petitioner, )<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | **Case No. 10-CV-2099** |

## OPINION

On May 5, 2010, a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#1) was filed on behalf of Ezra C. Martin by his co-defendant in his criminal case, Larry Wilson. The Government filed a Response (#5) and argued that the Motion must be dismissed because Larry Wilson is not an attorney and is not authorized to file pleadings on behalf of Ezra Martin. This court agrees with the Government. Accordingly, the Motion to Vacate, Set Aside or Correct Sentence (#1) filed by Larry Wilson is dismissed.

## FACTS

### PROCEEDINGS IN CRIMINAL CASE

On August 21, 2007, in Case No. 07-CR-20090, Larry D. Wilson and Ezra C. Martin were charged by indictment with the offense of bank robbery. Both Wilson and Martin were also charged with firearm offenses. The proceedings in this case were long and tortuous, to a large degree because of the problems both Wilson and Martin had with their appointed counsel and their penchant for filing pro se letters and motions with this court.

The record shows that counsel was appointed to represent Wilson on August 6, 2007. Wilson made several pro se filings with this court and his appointed counsel was allowed to withdraw on

November 13, 2007. Wilson represented himself for a short period of time, and stand-by counsel was appointed for him on December 4, 2007. On January 9, 2008, the attorney appointed to represent him as standby counsel was appointed to represent him as lead counsel. Also on January 9, 2008, this court granted the Government's Motion to Sever, based upon statements made by Martin following his arrest which also implicated Wilson. On March 3, 2008, Wilson pled guilty to all three charges against him based upon a written plea agreement. Although he was represented by appointed counsel, Wilson filed pro se objections to the presentence investigation report prior to sentencing. A sentencing hearing was held on May 8, 2008, and Wilson was sentenced to a term of 264 months in the Federal Bureau of Prisons (BOP).[1]

Counsel was appointed to represent Martin on August 6, 2007. On April 14, 2008, Martin's appointed counsel was allowed to withdraw and new counsel was appointed to represent him. On August 18, 2008, a jury trial commenced. On August 20, 2008, Martin was found guilty of all three charges against him. On February 12, 2009, a sentencing hearing was held and Martin was sentenced to a term of 130 months in the BOP. Martin filed a Notice of Appeal but dismissed his appeal in March 2009.

The record shows that both Wilson and Martin filed numerous letters and pro se motions with this court throughout the proceedings. On at least one occasion, Wilson attempted to file documents on behalf of Martin. This attempt was unsuccessful and the documents were stricken by this court. However, the record clearly shows that Martin was entirely capable of sending letters to this court and filing motions on his own behalf.

---

[1] Wilson was also sentenced to a consecutive term of 12 months in the BOP in Case No. 89-CR-20069 based upon the revocation of his supervised release in that case.

PROCEEDINGS UNDER SECTION 2255

On May 6, 2010, a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#1) was filed in this case. The Motion stated that two issues were raised: (1) that Martin was denied the effective assistance of counsel; and (2) malicious prosecution. The Motion was signed by "Larry D. Wilson/Inmate Assistant" and was also signed by Martin. A Memorandum in Support (#2) was also filed. In the Memorandum, Wilson stated that he "practiced as a jailhouse lawyer for many years during a previous term of federal incarceration." The Memorandum was signed "Ezra C. Martin by Larry Wilson." Along with the Motion and Memorandum, Wilson sent a letter (#3) to the clerk of the court stating that he was sending an authorization from Martin. The attached authorization was signed by Martin and stated that he gave Wilson his "approval and authorization to prepare and file with the United States District Court/Central District of Illinois, at Urbana my motion under 28 U.S.C. 2255 to vacate, correct, or set aside my conviction and sentence" and "any and all pleadings for the resolution thereof."

On June 1, 2010, the Government filed a Response (#5). The Government stated that Wilson is not an attorney and is not authorized to file pleadings on behalf of Martin, citing Rule 83.5(G) of the Local Rules of the Central District of Illinois. On July 6, 2010, Wilson filed a Response (#6) which can only be characterized as a diatribe against the assistant U.S. Attorney handling the case. Wilson's Response included a threat to sue the assistant U.S. Attorney if this court dismissed the Motion under § 2255. On July 29, 2010, Martin filed a letter to this court which stated that he asked Wilson to help him and gave him permission to mail the 2255 motion on his behalf. Both Wilson and Martin cited Johnson v. Avery, 393 U.S. 483 (1969), as standing for the proposition that Wilson can represent Martin in this matter.

ANALYSIS

Local Rule 83.5(G) provides that "[a]ll attorneys who appear in person or by filing pleadings in this court must be admitted to practice in this court in accordance with this Rule." The Rule also stated that "[o]nly attorneys so admitted may practice or file pleadings in this court." There is no real dispute in this case that Wilson is not an attorney admitted to practice in this court. Therefore, pursuant to the Local Rules, Wilson cannot file pleadings in this court on behalf of someone other than himself.

In Johnson, the United States Supreme Court held that a state prison regulation barring inmates from assisting other prisoners in preparation of petitions for post-conviction relief was invalid. The Court stated that "[s]ince the basic purpose of the writ [of habeas corpus] is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." Johnson, 393 U.S. at 485. The Court also stated that "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Johnson, 393 U.S. at 488. The Court concluded that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners. Johnson, 393 U.S. at 490.

The Seventh Circuit, however, has held that inmates do not have a constitutional right to receive legal assistance from a particular inmate when the prison provides other means of insuring the inmate's right of access to the courts. Gometz v. Henman, 807 F.2d 113, 116 (7th Cir. 1987); see also Williams v. Pollard, 2010 WL 1740812, at *1 (W.D. Wis. 2010); Maldonado v. Hompe, 2008 WL 4379191, at *5 (W.D. Wis. 2008). In this case, there is no reason to believe that Martin will be unable to present his claims to this court if Wilson is not allowed to present claims on his behalf. See

Gometz, 807 F.2d at 116 ("Gometz does not offer us any reason to believe that he is the only prisoner in the federal system who can satisfy Silverstein's legal needs; we cannot imagine why Gometz would be"). This court further notes that it has serious reservations regarding Wilson's involvement in presenting claims on behalf of Martin. This court believes that Wilson has a biased view of this case and would be representing his own interests and agenda rather than Martin's. For example, in the Memorandum (#2) filed by Wilson, Wilson argued at length that Martin's counsel was ineffective because he did not call Wilson to testify at trial. It is clear that Wilson wanted to testify at Martin's trial, but it is less clear that this testimony would have been in Martin's best interests. This court therefore concludes that, based on Rule 83.5(G) of the Local Rules of the Central District of Illinois and Gometz, Wilson cannot represent Martin in this court and Martin does not have the right to have Wilson represent him in presenting his Motion under § 2255. See Gometz, 807 F.2d at 116.

Accordingly, this court agrees with the Government that the Motion (#1) filed by Wilson must be dismissed. However, Martin does have the right to present any claims he believes he has to this court. See Johnson, 393 U.S. at 485. This court will therefore allow Martin 30 days to file his own Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Martin may, of course, seek legal assistance from other inmates at the facility where he is housed. He is not entitled to seek assistance from Wilson and any Motion filed by Wilson on Martin's behalf will be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) Because the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (#1) was filed on Martin's behalf by Wilson, this court agrees that the Motion must be dismissed.

(2) The Motion to Vacate, Set Aside or Correct Sentence (#1) is dismissed.

(3) Martin is allowed 30 days to file his own Motion to Vacate, Set Aside or Correct Sentence. He may seek legal assistance in filing the Motion from other inmates at the facility where he is

housed. He is not entitled to seek assistance from Wilson and any Motion filed by Wilson on Martin's behalf will be dismissed.

ENTERED this 8th day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE